IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Respondent,

v.                                      Crim No. 09-40061-01-SAC
                                          Civil No. 11-CV-4178-SAC

PASCUAL VAZQUEZ-VILLA,

    Petitioner.

MEMORANDUM AND ORDER

This case comes before the court on a "Rule 60(b)(6) motion" filed approximately two and one-half years after the Court denied Petitioner's 2255 motion. Liberally construed, Petitioner's motion asserts that his attorney was ineffective because he did not object to defendant's sentence enhancement for being a leader/organizer, *see* USSG § 3B1.1(a), and that his sentencing by the court violated *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151, 2156 (2013) (holding that facts that increase the statutory minimum sentence are elements of the offense that must be found by a jury and proved beyond a reasonable doubt).

Petitioner captions his motion as one made pursuant to Federal Rule of Civil Procedure 60(b), which enables parties to obtain relief from a final judgment in certain exceptional circumstances. But it is the subject matter, and not the caption, of the motion that determines its treatment. The substance of this motion challenges the validity of Petitioner's sentence and

raises an ineffective assistance of counsel claim not included in his prior § 2255 petition. Petitioner's previous § 2255 petition raised four other grounds for relief, all based on the alleged ineffective assistance of counsel. *See* Dk. 150.

A post-habeas motion is proper under Rule 60(b) when it challenges the integrity of the habeas proceedings, but must be treated as a second or successive habeas petition to the extent it invites further review of the substantive habeas claims already decided on the merits. *In re Pickard*, 681 F.3d 1201, 1204 (10th Cir. 2012). And a motion asserting a new ground for relief from the final judgment is also treated as a successive 2255 petition.

> The [*Gonzalez*] Court said that whether a postjudgment pleading should be construed as a successive [petition] depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself. A pleading asserting a "new ground for relief" from the state judgment is advancing a new claim and is therefore treated as a successive [petition].

*United States v. Nelson,* 465 F.3d 1145, 1147 (10th Cir. 2006) (applying § 2254 analysis in *Gonzalez* to a § 2255 motion). *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) recognizes a 60(b) motion to be a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief" from the movant's conviction or sentence. *Id.* Such is the case here, where Petitioner seeks relief from his sentence due to alleged ineffective assistance of counsel on grounds that were not raised in his previous 2255 petition.

Thus the Court is required to construe this filing as a second § 2255 petition. Failing to treat this "Rule 60(b) motion" as a successive collateral review application would allow the Petitioner to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. *See Calderon v. Thompson,* 523 U.S. 538, 553 (1998).

To file a second or successive § 2255 motion in the district court, the movant must first seek and obtain prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3). But Petitioner has failed to obtain, or even seek, that permission. Although this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so," *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008), Petitioner's motion is untimely and, as noted below, lacks merit so it is not in the interests of justice to transfer the case.

First, the Supreme Court has not made *Alleyne's* new rule of constitutional law retroactive to cases on collateral review, and the Tenth Circuit has decided that *Alleyne* does not apply retroactively on collateral review. *See In re Payne,* 733 F.3d 1027, 1029 (10th Cir. 2013). *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). Thus it is most unlikely that the United States Supreme Court will declare *Alleyne* to be retroactive in the future. So

Petitioner lacks a legal basis for claiming that the jury, instead of the judge, should have determined any leader/organizer sentencing enhancement.

Secondly, Petitioner contends that the evidence never showed that there were five or more participants in the criminal activity, and never showed him to be the leader or organizer of any activity, yet both showings are required for application of the four-level sentencing enhancement that he received. But the presentence report shows that defendant was an organizer or leader of a criminal activity involving five or more participants, warranting a four-level enhancement for his role in the offense. *See PSIR* (Doc. # 86) (finding participants included Guadalupe Armendariz, "Pollo", Vasquez-Garcia, CS1, CS2, CS3, and CS4; showing defendant to be a leader/organizer because he caused another person to interpret for him during his drug transactions, had others acquire drugs at his request, had others store drugs for him on occasion, rented a trailer for the purpose of using it for his drug business and used it for that purpose, had another person make payments on that trailer knowing he/she was assisting a drug distributor, and used Molina (a leader of a separate drug organization) as an alternate source of supply for illegal drugs.) So Petitioner lacks a factual basis for this claim of error.

Further, the relevant questions, if the merits of the ineffective assistance of counsel claim were reached, are whether counsel's general performance at sentencing was outside the wide range of reasonable

professional assistance and whether absent counsel's alleged error, defendant would have received a lighter sentence. *See Strickland,* 466 U.S. at 689. Petitioner's counsel successfully argued to this Court that the Guidelines sentence of life imprisonment was not warranted and that a lesser sentence was justified. *See* Dk. 102, 150.

Accordingly, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions unauthorized by the court of appeals. *Id.*

IT IS, THEREFORE ORDERED that petitioner's motion under "Rule 60(b)(6)" (Dk. 160) is construed as a successive application for habeas corpus relief, and is dismissed for lack of jurisdiction.

Dated this 13th day of January, 2015, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge