IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Respondent,

v.                                                No. 09-40061-01-SAC

PASCUAL VAZQUEZ-VILLA,

        Petitioner.

MEMORANDUM AND ORDER

This case comes before the court on the defendant's motion to modify sentence under 18 U.S.C. § 3582(c)(2) and pursuant to the 2014 amendment to the U.S. Sentencing Guidelines, Amendment 782, which reduced the base offense level by two levels and thereby reduced the bottom of the defendant's guideline sentence from life imprisonment to 324 months. (Dk. 162). At his sentencing in June of 2010, this court granted the defendant's request for a downward variance and sentenced him to 25 years' imprisonment. On direct appeal, the Tenth Circuit affirmed the reasonableness of this sentence noting:

> The PSR held Vazquez-Villa accountable for 18.32 kilograms of methamphetamine, which corresponded to a base offense level of 38. In addition, the PSR added a two-level enhancement because Vazquez-Villa's offense involved the importation of methamphetamine from Mexico, USSG § 2D1.1(b)(4)(A), and a four-level enhancement because Vazquez-Villa was an "organizer or leader" of criminal activity that involved five or more participants, id. § 3B1.1(b).  The district

> court adopted the PSR's factual findings and recommendations, and it accordingly calculated Vazquez-Villa's total offense level as 43, which resulted in an advisory sentence of life imprisonment. Nevertheless, the district court applied a significant downward variance under § 3553(a) and sentenced Vazquez-Villa to 25 years' imprisonment.
>
> . . . .
>
> . . . Indeed, even though the suggested sentence for a level-43 offense is life imprisonment, the district court applied a significant downward variance and sentenced Vazquez-Villa to only 25 years' imprisonment. The court applied this variance because it concluded the PSR failed to account for the appellant's "lack of criminal history, put[] undue weight on the quantity-driven Guideline calculations, and overstate[d] the seriousness of the offense due to the nature of the investigation and due to the attenuated links with an independent drug distribution operation." R. Vol. VI at 989. This was not an abuse of discretion.

(Dk. 144-1, pp. 11-12, 15-16). The defendant asks the district court to determine the new guideline range based on Amendment 782, to consider the sentencing factors of 18 U.S.C. § 3553(a), and also to correct an alleged misapplication of another guideline sentencing provision. The defendant requests to be resentenced to a term of 188 months.

As a recently published decision of the Tenth Circuit confirms, this court has no authority to lower the defendant's sentence of 25 years under § 3582(c):

> "Generally, federal courts are prohibited from 'modify[ing] a term of imprisonment once it has been imposed.'" [*United States v.*] *Lucero*, 713 F.3d [1024] at 1026 [(10th Cir. 2013)] (quoting 18 U.S.C. § 3582(c)). But "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," district courts "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(2). Any reduction the court orders must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

> The policy statement that governs § 3582(c)(2) motions is § 1B1.10. Under that provision, a court considering a sentence-reduction motion "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines … had been in effect at the time the defendant was sentenced." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(b)(1) (U.S. Sentencing Comm'n 2014). Only amendments that "have the effect of lowering the defendant's applicable guideline range" may be used to obtain § 3582(c)(2) relief. *Id.* § 1B1.10(a)(2)(B). And "the court shall not reduce the defendant's term of imprisonment … to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A).
>
> Before November 1, 2011, this latter rule was subject to a significant exception. If a defendant's original sentence had fallen below the then-applicable Guidelines range, the district court could reduce his sentence under § 3582(c)(2) below the amended Guidelines range by a "comparabl[e]" number of months. U.S.S.G. § 1B1.10(b)(2)(B) (2010). But Amendment 759 to the Guidelines, which became effective November 1, 2011, narrowed this exception. U.S.S.G. app. C, Vol. III, amend. 759 (2011). As of August 2015, when the district court denied Mr. Kurtz's § 3582(c)(2) motion, courts could impose a sentence below the amended Guidelines range only if a defendant's original sentence fell below the then-applicable Guidelines range because of a Government-filed substantial assistance motion under U.S.S.G. § 5K1.1. U.S.S.G. § 1B1.10(b)(2)(B) (2014); see also id. § 1B1.10 n. 8 (instructing courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment").

*United States v. Kurtz*, ---F.3d---, 2016 WL 1212066 at *2-*3 (10th Cir. Mar. 29, 2016). Amendment 782 lowers the defendant's guideline range of life imprisonment to 325 to 405 months. Because the court's original sentence of 300 months is already less than 325 months, the court is without authority to lower it further. The only exception for substantial assistance reductions under § 5K1.1 is inapplicable here. Thus, "[t]he district court therefore lacks statutory authority to reduce . . . [Mr. Vazquez-Villa's] sentence under § 3582(c)(2)." *Kurtz*, 2016 WL 1212066 at *4.

IT IS THEREFORE ORDERED that the defendant's motion for modification (Dk. 162) is denied.

Dated this 8th day of June, 2016, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge