IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Respondent,

v.                                         No. 09-40061-01-SAC

PASCUAL VAZQUEZ-VILLA,

        Petitioner.

MEMORANDUM AND ORDER

This case comes before the court on the defendant Pascual Vazquez-Villa's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons." ECF#168. The First Step Act of 2018 authorizes a district court to consider such a motion from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The statute requires any sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). While it concedes the defendant has exhausted his administrative remedies, the government argues the defendant's motion must be summarily denied as failing to state any reason qualifying as extraordinary and compelling. ECF# 171, p. 3 n. 1. The defendant has not filed any reply within the court-imposed deadline, so the motion is ripe.

When Vazquez-Villa was sentenced in June of 2010 on his controlled substance convictions, this court granted his request for a downward variance and sentenced him to 25 years' imprisonment. On direct appeal, the Tenth Circuit affirmed the reasonableness of this sentence noting:

> The PSR held Vazquez-Villa accountable for 18.32 kilograms of methamphetamine, which corresponded to a base offense level of 38. In addition, the PSR added a two-level enhancement because Vazquez-Villa's offense involved the importation of methamphetamine from Mexico, USSG § 2D1.1(b)(4)(A), and a four-level enhancement because Vazquez-Villa was an "organizer or leader" of criminal activity that involved five or more participants, id. § 3B1.1(b). The district court adopted the PSR's factual findings and recommendations, and it accordingly calculated Vazquez-Villa's total offense level as 43, which resulted in an advisory sentence of life imprisonment. Nevertheless, the district court applied a significant downward variance under § 3553(a) and sentenced Vazquez-Villa to 25 years' imprisonment.
>         . . . .
>         . . . Indeed, even though the suggested sentence for a level-43 offense is life imprisonment, the district court applied a significant downward variance and sentenced Vazquez-Villa to only 25 years' imprisonment. The court applied this variance because it concluded the PSR failed to account for the appellant's "lack of criminal history, put[] undue weight on the quantity-driven Guideline calculations, and overstate[d] the seriousness of the offense due to the nature of the investigation and due to the attenuated links with an independent drug distribution operation." R. Vol. VI at 989. This was not an abuse of discretion.

(Dk. 144-1, pp. 11-12, 15-16). Vazquez-Villa now moves the court to reduce his sentence to 151 months arguing that the PSR's drug quantity findings for relevant conduct were erroneous and should not have been adopted by the sentencing court. He summarily disputes the facts used in attributing certain drug quantities as reasonably foreseeable to him. He also looks upon the facts as inadequate to sustain the enhancements for organizer or leader and for the importation of methamphetamine from Mexico. The defendant believes if he were to be sentenced under the current sentencing guidelines, if his sentencing counsel were to object as

he argues here, and if the court were to rule as he wants, then his sentencing range would be much less. It is Vazquez-Villa's judgment that, "[t]he entirety of the sentencing calculation was erroneous and indisputably constitutes extraordinary and compelling circumstances to correct it." ECF# 168, p. 5. The defendant asks the court in weighing the different § 3553(a) factors to consider his post-conviction activities outlined in his attached progress report. The government argues the defendant's reasons are not "extraordinary and compelling" and any sentence reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" under certain limited circumstances. The question presented is whether Vazquez-Villa's issues with the PSR's different findings and with the court's adoption of them qualify as extraordinary and compelling reasons for a reduction consistent with the Sentencing Commission's policy statements. The burden is with Vazquez-Villa to show entitlement to a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). The standard of extraordinary and compelling "imposes a heavy burden on a defendant seeking relief under § 3582(c)(1)(A)." *United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May, 29, 2020) (citing *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

"Extraordinary and compelling" reasons are not defined by statute but have been defined by the Sentencing Commission in its commentary to U.S.S.G. § 1B1.13 to include the defendant's medical condition, age, family circumstances or

other reasons. U.S.S.G. § 1B1.13 cmt. n.1. The commentary also explains that the reason need not have been unforeseen at the time of sentencing and that a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason." *Id*. cmt. n. 2 and 3.  Vazquez-Villa has not argued circumstances coming within any of these reasons.

Instead, Vazquez-Villa wants to rehash the same sentencing arguments made on direct appeal. The Tenth Circuit affirmed his sentence as procedurally reasonable because he did not object below to the sentencing facts in the PSR and waived his right to appeal. Noting that plain error on factual disputes remains available to appellants showing the certainty of a favorable finding on remand, the Tenth Circuit held that Vazquez-Villa had "not come close to showing with certainty that he would benefit from a favorable finding on remand." ECF# 144-1, p. 13. The Tenth Circuit observed:

> Moreover, even if we were not to consider Vazquez-Villa's arguments waived, we would still conclude, under plain error analysis, that the district court did not err in adopting the factual findings of the PSR. As explained, the record on appeal is sparse and does nothing to call into question the PSR's detailed account of the drug quantity attributable to Vazquez-Villa. Likewise, nothing in the record calls into question the PSR's findings, which were supported by intercepted conversations and witness testimony, that Vazquez-Villa was a leader in a significant drug organization that imported methamphetamine from Mexico.

ECF# 144-1, p. 14. Vazquez-Villa then filed a motion for relief under 28 U.S.C. § 2255 arguing in part that his counsel was ineffective at sentencing. ECF## 145, 146. The district court denied his motion. ECF# 150. The Tenth Circuit dismissed his appeal of the § 2255 decision as untimely. ECF# 157. The court fails to see how these

4

circumstances could reasonably be suggested as extraordinary or compelling reasons for a sentence reduction.

Of the four extraordinary and compelling reasons identified in the Commission's commentary to U.S.S.G. § 1B1.13, Vazquez-Villa appears to rely on the "other reasons" category. The Tenth Circuit recently summarized this reason:

> Commentary to § 1B1.13 defines "Other Reasons" to include "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, cmt. n.1(D).
> BOP Program Statement 5050.50 identifies several nonexclusive factors to determine whether "other" extraordinary and compelling reasons exist: the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and "[w]hether release would minimize the severity of the offense." BOP Program Statement 5050.50 at 12 (2019);6 *see Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (holding that BOP program statements are entitled to "some deference" when they reflect a "permissible construction of the statute" (quotations omitted)).
> Ultimately, "[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quotations omitted). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quotations omitted).

*United States v. Saldana*, 2020 WL 1486892, at *2-3 (10th Cir. Mar. 26, 2020). "[N]either the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.* at *3. In the same regard, there is nothing in the commentary or program statement that identifies sentencing errors as an "extraordinary and compelling" reason. Nor does the Vazquez-Villa explain how his request overcomes the Tenth Circuit case law stating that § 3582(c)(2) is a

jurisdictional state that does not authorize a sentence reduction based on revisiting drug quantity findings or sentencing enhancements. *See United States v. Larsen*, 664 Fed. Appx. 751, 753 (10th Cir. 2016) (Because defendant never objected to drug quantity findings at sentencing and the guideline amendment did not lower defendant's guideline range, the district court lacked subject matter jurisdiction); *United States v. Burkins*, 596 Fed. Appx. 685, 690 (10th Cir. 2014) ("[A] challenge to a district court's drug quantity finding should be raised on direct appeal, not in § 3582(c)(2) proceeding." (citation omitted)). This understanding and application of 3582(c) does not seem to be impacted by the First Step Act giving authority to district courts to reduce a sentence under (c)(1)(A). *See United States v. Handerhan*, 789 Fed. Appx. 924, 926 (3d Cir. 2019)(unpub)("Thus, we question whether an alleged sentencing error that was correctible in prior proceedings could ever be an 'extraordinary and compelling reason' for release under § 3582(c)(1)(A)(i)."); *United States v. Vasquez-Lopez*, 2020 WL 2220116, at *1 (D. Ariz. May 7, 2020) (Asserting an error in applying a guideline adjustment falls under § 2255 and does not qualify as an "extraordinary and compelling reason"); *United States v. Lisi*, ---F. Supp. 3d---, 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020)("[I]t would be both improper and inconsistent with First Step Act . . . for § 3582(c)(1)(A) [to be used] as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition." (citation omitted)); *United States v. Rivernider*, 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020)("To my knowledge, nobody has suggested that the 'extraordinary and compelling' standard can be satisfied by claims of legal error or

other alleged wrongs that are cognizable on direct appeal . . . or by means of a habeas corpus petition." (citation omitted)).

Because Vazquez-Villa has failed to show that § 3582(c) authorizes relief, this court is without jurisdiction to decide the defendant's motion. *See United States v. Saldana*, 2020 WL 1486892 at *4.

IT IS THEREFORE ORDERED that the defendant Pascual Vazquez-Villa's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" (ECF#168) is dismissed for lack of jurisdiction.

Dated this 16th day of June, 2020, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge