### In the United States District Court
### for the District of Kansas

———————

Case No. 09-cr-40061-TC-1

———————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

PASCUAL VAZQUEZ-VILLA,

*Defendant*

———————

## MEMORANDUM AND ORDER

Pascual Vazquez Villa moves to reduce his sentence and for an appointment of counsel. Docs. 173 & 177. The Government opposes his request. Doc. 178. For the following reasons, Vazquez's motion is denied.

## I

## A

A term of imprisonment generally may not be modified once it has been imposed, subject to few exceptions. *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5195, 5239, Section 3582 permits a defendant to move for compassionate release only after he has first requested relief from the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). If the Bureau of Prisons fails to move to reduce his sentence and the defendant exhausts all administrative appeals, or if the local warden fails to act on his request within 30 days of receiving it, the defendant may move for compassionate release himself. *Id.*

After considering exhaustion, a three-step analysis to compassionate-release motions applies. *United States v. McGee*, 992 F.3d 1035, 1042

1

(10th Cir. 2021). First, extraordinary and compelling circumstances must warrant the reduction. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). Second, the reduction must be consistent with applicable Sentencing Commission policy statements. *Id.* And third, the applicable sentencing factors in 18 U.S.C. § 3553(a) must warrant the reduction. *Id.* If any requirement is unmet, the motion fails. *See Hald*, 8 F.4th at 938.

Another exception is Section 3582(c)(2), which permits a court to modify a defendant's sentence if he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *Hughes v. United States*, 584 U.S. 675, 685–86 (2018). When doing so, a court must "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable [and then reduce the sentence] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. C.D.*, 848 F.3d 1286, 1289–91 (10th Cir. 2017) (holding that the "based on" and "consistent with" clauses are jurisdictional, while the Section 3553(a) factors are committed to the discretion of the district court). But where an Amendment does not apply to a defendant and it leaves the sentencing range the same as it was at sentencing, a reduction under Section 3582(c)(2) is unavailable. U.S.S.G. § 1B1.1(a)(2)(B).

**B**

In 2010, a jury found Pascual Vazquez Villa guilty of thirteen federal offenses relating to his involvement in methamphetamine distribution. Doc. 102. He received a sentence of 300 months. *Id.* He has twice applied for a sentence reduction. Docs. 162 & 168. Those requests were denied. Docs. 163 & 172. Vazquez now moves again to reduce his sentence and appoint counsel. Docs. 173 & 177. He argues that he is entitled to a sentence reduction because he can show extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A) and because he was sentenced based on a sentencing range that is no longer applicable as set out in 18 U.S.C. § 3582(c)(2). Doc. 177 at 1.

**II**

Vazquez's circumstances are not extraordinary and compelling, and the Section 3553(a) factors do not favor a reduction. Additionally, he is ineligible for a zero-point offender reduction under Amendment 821. Accordingly, his motion is denied.

## A

**1.** A defendant must demonstrate that extraordinary and compelling reasons warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). District courts have discretion to determine what constitutes "extraordinary and compelling," subject to the statutory limitation that rehabilitation alone is not enough. *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021); 28 U.S.C. § 994(t). "Extraordinary and compelling" suggests that the proffered reasons must be unusually meritorious and unique. *McGee*, 992 F.3d at 1048; *see also Extraordinary*, MERRIAM-WEBSTER DICTIONARY (7th ed. 2023) ("Notably unusual or exceptional."); *Compel*, MERRIAM-WEBSTER DICTIONARY (7th ed. 2023) ("To drive or urge with force."). Reasons that apply to most prisoners are not sufficient.

Having exhausted his administrative rights,[1] Vazquez asserts that his sentence is unusually long and would be lower under current sentencing guidelines, and that he has been involved in rehabilitation efforts in prison. Doc. 177 at 9–14, 22–23. He also argues that his sentence is disparate from that of others who engaged in similar crimes because his score was enhanced by a "trial penalty." *Id.* at 15–20. Moreover, he asserts that he faces unique challenges because he is subject to deportation upon his release. *Id.* at 20–22.

These allegations, whether viewed in isolation or combination, fail to establish extraordinary and compelling circumstances. First, Vazquez's sentence of 300 months was not unusually long—it was below the then-applicable life imprisonment guidelines. *See* Doc. 163 at 1–2. Nor is there anything unique about a prisoner who attends standard rehabilitation programs in prison and plans to live with family after release. *See United States v. Molina*, 2024 WL 1154393, at *2 (10th Cir. 2024) (affirming the district court's finding that rehabilitation and strong family support were not extraordinary and compelling). And Vazquez has not credibly argued how or why his immigration status entitles him to a sentence reduction.

---

[1] Vazquez submitted a request for a sentence reduction to the warden of his facility, Doc. 177-1, and filed this motion thirty days after receiving no response from the warden. The Government does not contest exhaustion. Doc. 178 at 5.

Nor does the Sentencing Commission's policy statement favor reducing Vazquez's sentence. The policy statement lists six categories of extraordinary and compelling reasons. They include the defendant's medical condition, age, family circumstances, abuse in prison, "other reasons," and sentence length. *See* U.S.S.G. § 1B1.13. These considerations guide a district court's exercise of discretion and restrain what qualifies as "extraordinary and compelling."

None of these categories assist Vazquez. Four do not apply at all: Vazquez does not claim to have any medical conditions, to have been abused in prison, or to have unique family circumstances, and he is younger than 65 years old. *See generally* Docs. 173 & 177.

Vazquez has served ten years in prison, but, as noted above, his sentence was not unusually long as contemplated by U.S.S.G. § 1B1.13(b)(6). When Vazquez was sentenced, the guidelines recommended a life sentence. Doc. 144-1 at 3–4. Yet he did not face that sentence because he received "a significant downward variance" to account for his lack of criminal history and the "undue weight on the quantity driven Guideline calculations." Doc. 163 at 1–2. And there have been no significant changes in the law that suggest Vazquez's sentence is grossly disparate to the one he would receive today. Vazquez argues that, if sentenced today, his guideline range would be 262-327 months. Doc. 177 at 13. Assuming his calculation is correct, Vazquez's sentence of 300 months was within the new guideline range. This does not support the conclusion that his 300-month sentence was unusually long under Section 1B1.13(b)(6).

Vazquez also contests his receipt of a 4-point enhancement under Section 3B1.1. He notes that, although he received an adjustment for an aggravating role, "he was not engaged in a continuing criminal enterprise." Doc. 177 at 14. Thus, he requests that the court "apply the Rule of Lenity to any potential ambiguity in interpreting the guideline's requirements." *Id.* That request is denied. The language of Section 3B1.1 is clear and unambiguous. *See* U.S.S.G. § 3B1.1(a) ("If the defendant was an organizer or leader of a *criminal activity* that involved five or more participants or was otherwise extensive, increase by 4 levels.") (emphasis added). There is no mention of a continuing criminal enterprise, and Vazquez cites no authority to that effect.

When deciding whether to grant a reduction, courts must also consider the Section 3553(a) factors. *Maumau*, 993 F.3d at 831; 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) explains that a court must impose a

sentence that is "sufficient, but not greater than necessary," to promote a range of factors. 18 U.S.C. § 3553(a). It enumerates seven factors: the nature and circumstances of the offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, any applicable Sentencing Commission policy statements, the need to avoid sentence disparities, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

Application of the Section 3553(a) factors weighs against a sentence reduction. The nature and circumstances of Vazquez's offenses are troubling, as Vazquez concedes. *See* Doc. 177 at 22 (noting that "the offenses for which Vazquez-Villa was convicted were serious"). Vazquez was the leader in a vast conspiracy and was convicted of thirteen offenses. Doc. 102; Doc. 86 at 29. The seriousness of his conduct led to a 6-point increase in his base offense level because he was a leader of a criminal activity and was involved in importing methamphetamine into the United States. *See* Doc. 86 at 29; U.S.S.G. §§ 2D1.1(b)(5)(A), 3B1.1(a). Additionally, Vazquez received a sentence of 300 months, significantly lower than the term of life recommended by the sentencing guidelines. Doc. 144-1 at 3–4. This sentence was also lower than what he would likely receive today, which assuages concerns about sentencing disparities. Vazquez is correct that he was a first time offender. Doc. 177 at 22. But that is only one factor in the Section 3553(a) analysis. The combination of the Section 3553(a) factors, the Sentencing Commission's policy statement, and Vazquez's circumstances simply do not cut in favor of a sentence reduction.

**2.** Vazquez also moves to reduce his sentence under Amendment 821. Amendment 821 to the Federal Sentencing Guidelines reduces the sentence for certain criminal defendants. Section 4C1.1(a) provides, in pertinent part, as follows:

> (a) Adjustment.—If the defendant meets all of the following criteria:
>
> * * *
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)
>
> * * *

decrease the offense level determined under Chapters
Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Vazquez is ineligible for relief under Amendment 821. He received
a 4-point enhancement under Section 3B1.1(a) because he had an ag-
gravating role in the conspiracy. *See* Doc. 86 at 29. The plain language
of Amendment 821 precludes relief for someone who received such
an adjustment. U.S.S.G. § 4C1.1(a)(10). Accordingly, Vazquez may not
receive a 2-point reduction as a zero-point offender.

### III

For the foregoing reasons, Vazquez's Motion for a Reduction of
Sentence, Docs. 173 & 177, is DENIED. His related request for the
appointment of legal counsel, Doc. 177, is also DENIED as moot.

It is so ordered.

Date: March 3, 2025                    s/ Toby Crouse
                                       Toby Crouse
                                       United States District Judge

6